**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Sharp Shirter, Inc. ) | |
| ) | Case No. 24-cv- 2270 |
| v. ) | |
| ) | Judge: Hon. |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | Magistrate: Hon. |
| IDENTIFIED ON SCHEDULE "A" ) | |
| ) | |

**COMPLAINT**

Plaintiff, Sharp Shirter, Inc. ("SSI" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which

Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars via credit cards and/or PayPal and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## INTRODUCTION

4. Plaintiff, SSI, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's images and illustrations. Plaintiff is a professional artist from the United States. Plaintiff's works combines images of space and technology with whimsy to create compelling works of art and showcase it on various products.

5. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's works. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images and illustrations.

6. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-375-574 (the "SSI Works") and the registrations are attached hereto as **Exhibit 1**. Upon

information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

7. In an effort to illegally profit from the creative content of SSI, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized SSI products.

8. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' infringement of the SSI Works. Plaintiff has been and continues to be irreparably damaged through loss of ability to license, loss of future sales, and loss of control over the creative content of the valuable copyrights, the quality of products sold in connection with Plaintiff's copyrighted material, ability to license these products, and damage to Plaintiff's reputation and good will as a result of Defendants' actions and seeks injunctive and monetary relief.

9. The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken since availing itself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. The aggregated effect of the mass infringement that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the hundreds of anonymous defendants

which are selling illegal infringing products at prices below an original.

10. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants use aliases to avoid liability by going to great lengths to conceal both their identities as well as the full scope and interworking of their illegal network.

11. Plaintiff has been and continues to be irreparably harmed through the loss of control over Plaintiff's reputation, good will, ability to license, and the quality of goods featuring the SSI Works. The rise of e-Commerce as a method of supplying goods to the public exposes brand holders and content creators that make significant investments in their products to significant harm from counterfeiters and infringers.

12. Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Internet Stores are using fake online storefronts designed to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products.

## THE PLAINTIFF

13. Plaintiff, SSI, is the owner of the copyright registrations that protect the creative content of the SSI Works. The registrations are valid, subsisting and in full force and

effect. True and correct copies of the registrations are attached hereto as **Exhibit 1**.

14. SSI has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the SSI Works. As a result, products associated with the SSI Works are recognized and exclusively associated by consumers, the public, and the trade as products associated with and authorized by Plaintiff (the "SSI Products").

15. In an effort to illegally profit from the creative content of SSI Works, Defendants have created numerous Defendant Internet Stores and they have designed them to appear to be selling authorized SSI Products.

16. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the SSI Works without the express written permission of SSI.

## THE DEFENDANTS

17. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine SSI Products. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal SSI Products to consumers within the United States, including Illinois and in this judicial district.

## THE DEFENDANTS' UNLAWFUL CONDUCT

18. The success of the SSI Works has resulted in significant copying of the creative content protected by Plaintiff's copyright registrations. Plaintiff has identified numerous fully interactive websites hosted on various e-commerce sites. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the SSI Works ("Infringing Products") to consumers within the United States, including the State of Illinois.

19. The Defendant Internet Stores intentionally conceal their identities and the full scope of their infringement operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the infringing Defendant Internet Stores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Infringing Products as alleged, often times as partners, co- conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

20. Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the SSI Works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of

Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

22. The Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Defendant Internet Store registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

23. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

24. Further, infringers such as Defendants, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

25. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully pirated Plaintiff's SSI Works in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

27. The SSI Works have significant value and have been produced and created at considerable expense.

28. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the SSI Works, including derivative works. The SSI Works are the subject of valid Copyright

Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

29. Each Defendant, without the permission or consent of Plaintiff, has, and continues to sell online pirated derivative works of the copyrighted SSI Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

30. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

31. As a result of each Defendant's infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

32. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the SSI Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized SSI Product or is not authorized by Plaintiff to be sold in connection with the SSI Works;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the SSI Works;

c. further infringing the SSI Works and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the SSI Works, and which are derived from Plaintiff's copyrights in the SSI Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the SSI Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Stores, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the SSI

Works or are derived from the SSI Works, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the SSI Works; and

c. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5) That Plaintiff be awarded reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

By:    s/David Gulbransen/
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172

Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com